# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | NO. 4:19-CR-00099-ALM-AGD |
| § | |
| JUSTIN ALLEN LANGSTON (4) § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This report and recommendation addresses a petition for revocation of the defendant's supervised release. Dkt. 180 (sealed).

## PROCEDURAL HISTORY

On June 3, 2020, United States District Judge Amos L. Mazzant sentenced defendant Justin Allen Langston to 84 months of imprisonment followed by five years of supervised release. Dkt. 131 at 1–3 (sealed). Langston's term of supervised release commenced on April 26, 2024. Dkt. 180 at 1 (sealed).

In January 2025, a probation officer petitioned the court for a warrant, alleging that Langston had violated four conditions of his supervised release, one of which the government later withdrew. Dkt. 180 (sealed); Minute Entry for Jan. 27, 2025. The remaining allegations were that Langston had violated the conditions of supervision that required him to (a) refrain from any unlawful use of a controlled substance; (b) participate in a program of testing and treatment for substance abuse; and (c) live at a place approved by the probation officer and notify the probation officer of any plan to change his living arrangements. Dkt. 180 at 2–3 (sealed).

In support of those allegations, the petition asserted that, in October 2024, Langston submitted a urine specimen that tested positive for marijuana and verbally admitted to using marijuana; that on five occasions he failed to submit urine specimens as instructed; that in December 2024 he failed to attend substance abuse counseling; and that he failed to notify the U.S. Probation Office of a change in his residence as required. Dkt. 180 at 2–3 (sealed).

A final revocation hearing was held before me on January 27, 2025. The government moved to dismiss allegation one. Minute Entry for Jan. 27, 2025. Langston pleaded true to the three remaining allegations. *Id.* He also consented to revocation of his supervised release and waived his right to object to my proposed findings and recommendations. *Id.*; Dkt. 190. The government requested a sentence of 18 months imprisonment followed by three years of supervised release, which is within the federal sentencing guidelines; the defendant agreed. After hearing argument from counsel, the court announced what its recommendation would be.

## RECOMMENDATION

In accordance with the Sentencing Reform Act of 1984, and having considered both parties' arguments, the court recommends that: (1) allegation one in the petition for revocation of Langston's supervised release, Dkt. 180, be dismissed; (2) Langston's supervised release be revoked based on allegations two, three, and four in that petition, *id.*; (3) Langston be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 18 months, to run consecutive to any other term of imprisonment, with three years of supervised release to follow, all prior conditions imposed; and (4) Langston be placed at FCI Petersburg in Hopewell, Virginia, if appropriate.

So ORDERED and SIGNED this 31st day of January, 2025.

_____
Don Bush
United States Magistrate Judge